PER CURIAM.
In accordance with the requirements of Article XII of the Integration Rule, 31 F. S.A., the Board of Governors of The Florida Bar, on February 16, 1962, filed with the Clerk of this Court the transcript of the evidence, pleadings and the original of its judgment herein bearing date February 16, 1962, which reads, in part, as follows :
“It is therefore Ordered and Adjudged that the respondent, Louis R. Beller, be suspended from the practice of law in Florida for a period of six months, beginning from the time when this judgment shall become final; and he shall remain suspended thereafter until he shall demonstrate to the Su *279 preme Court of Florida and to this Board that he is fully rehabilitated and eligible for reinstatement pursuant to the rules of said Court, and until he shall pay the costs of this proceeding in the sum of $325.31.”
The respondent, Louis R. Beller, filed in this cause, on March 16, 1962, his answer to the report of the Referee, answer to the complaint filed by The Florida Bar, and Petition for Review requesting this Court to review the proceedings and set aside the judgment of The Florida Bar.
Upon due consideration of said petition for review and the judgment aforesaid, it is
ORDERED that the judgment of the Board of Governors of The Florida Bar heretofore referred to finding the respondent, Louis R. Beller, guilty of unprofessional conduct and suspending him from the practice of law in the State of Florida for a period of six months and until he shall have demonstrated to this Court and the said Board that he is fully rehabilitated and eligible for reinstatement to practice in Florida, and shall have paid the costs in the proceeding in the sum of $325.31, be, and the same is hereby approved and adopted as the judgment of this Court.
IT IS FURTHER ORDERED that the period of said suspension shall commence on the date this judgment is filed in the Clerk’s office and shall continue thereafter for a period of six months and thereafter until the respondent Louis R. Beller shall have demonstrated to this Court and the Board of Governors that he is fully rehabilitated and eligible for reinstatement pursuant to the rules of this Court, and until costs of this proceeding in the sum of $32.5.31 shall have been paid by the respondent to The Florida Bar.
TERRELL, Acting C. J., and THOMAS, DREW, HOBSON (retired) and SE-BRING (retired), JJ., concur.